UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK EQUITY FUND, II, LLC, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>JULIO ARIAS, et al., <br><br>　　　　Defendants. | Case No.: 1:15-cv-00202 - JLT <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE OF PORTIONS THE ANSWER FILED BY JULIO ARIAS <br><br>(Doc. 13) |

　　　　Plaintiff Landmark Equity Fund II, LLC seek to strike the affirmative defenses asserted by defendant Julio Arias, also known as Julio Arias Balderas.  (Doc. 13). On June 2, 2015, Defendant filed his opposition to the motion (Doc. 15), to which Plaintiff filed a reply on July 3, 2015 (Doc. 25). For the following reasons, Plaintiff's motion to strike is **GRANTED IN PART**.

**I.	Background**

　　　　Plaintiff initiated this action for the foreclosure of real property and enforcement of a debt for which the property is secured as collateral. (Docs. 1, 8).  Plaintiff alleges the real property in issue is located at 1524 Lincoln Street, Bakersfield, California 93305, and title for the property was vested in Raul Aguilar. (Doc. 8 at 2, ¶ 9.) According to Plaintiff, Mr. Aguilar "transferred the Property to Defendant Arias, per a warranty deed recorded 6/15/01, Kern County Document No. 201082359." (*Id.*)

　　　　Plaintiff alleges that around 2004 or 2005, Cecelio Rosales and Virginia Rosales "began occupying the Property while Arias occupied a nearby house and agreed to act as a straw man borrower

on their behalf as to the Property." (Doc. 8 at 3, ¶ 10.) Plaintiff alleges Arias "transferred title to the Property to himself, in his current name, per a warranty deed recorded 5/1/06, Kern County Document No. 206107275." (*Id.*, ¶ 11.) Further, Plaintiff alleges Arias "executed a promissory note for $168,000.00 to Mortgage Electronic Registration Systems, [MERS] nominee for WMC Mortgage Corp, for which the Property was secured as collateral, per a Deed of Trust, dated 11/2/06, recorded 11/28/06, Kern County Document No. 0206291233." (*Id.*, ¶ 12.)

According to Plaintiff, the Arias is identified as the Borrower in the Deed of Trust, which contains the following provisions:

> Borrower shall occupy, establish and use the Property as Borrower's principal residence within 60 days after execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal address for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. [Deed of Trust ¶ 6]
> …
> Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge and consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence. [Deed of Trust ¶8]

(Doc. 8 at 13, ¶¶ 13-15.) Plaintiff asserts Arias did not disclose "his role as a straw man borrower for the Rosales Defendants and non-occupancy of the Property, contrary to the Note and Deed of Trust." (*Id.* at 4, ¶ 17.) Further, Plaintiff alleges that "Arias breached his obligations under the Note and Deed of Trust" through failing to disclose this role, and by "failing to make timely payments." (*Id.*, ¶ 19.)

Plaintiff alleges MERS "assigned the Notice and Deed of Trust to Liquidation Properties, Inc. n/k/a Citigroup Global Markets Realty Corp" on October 30, 2008, and the assignment was recorded on December 18, 2008. (Doc. 8 at 4, ¶ 18.)

Plaintiff asserts, "Arias executed a loan modification of the Note and Deed of Trust, with SN Servicing, servicer for Citigroup" on February 18, 2010, with a retroactive effective date of January 12, 2010. (Doc. 8 at 4, ¶ 20.) Plaintiff alleges that Arias represented himself as the borrower in the loan modification, and "certified, represented and agreed with SN that he lived in the Property as his principal address." (*Id.*, ¶¶ 20-21.) According to Plaintiff, Arias also breached the loan modification

2

through "failing to make timely payments, failed to disclose his straw-man execution of the Instruments for the Rosales Defendants and his non-occupancy of the Property." (*Id.*, ¶ 22.)

Plaintiff alleges Citigroup sold the loan in June 2011 to Residential Fund 76, LLC, and "formally assigned the Notice, Deed of Trust and 2010 Modification" on October 11, 201. (Doc. 8 at 5, ¶¶ 24-25.) Plaintiff asserts that Residual Fund 76, LLC then assigned the Note, Deed of Trust, and Modification to Landmark Financial Solutions ("LFS") on October 28, 2011. (*Id.*, ¶ 26.)

Plaintiff alleges Arias executed a second loan modification on September 29, 2011, "stipulating that LFS was the holder of the loan, representing himself as the borrower, reducing the principal loan balance to $80,000.00, per his fulfillment of its conditions, including applying for [the Hardest-Hit Fund]." (Doc. 8 at 5, ¶ 27.) However, Plaintiff asserts that Arias breached the 2011 modification agreement. (*Id.*, ¶ 30) According to Plaintiff, LFS assigned the Note, Deed of Trust and Modifications to Plaintiff on January 27, 2015. (Doc. 8 at 5, ¶ 31.)

Based upon these facts, Plaintiff seeks the foreclosure of the Property, "a post-sale judgment/writ of possession/ejectment" and enforcement of the Notice, Deed of Trust, and Loan Modification instruments "under which Arias is indebted to Plaintiff." (*See* Doc. 8 at 6-7.)

Arias filed his answer to the amended complaint on May 4, 2015. (Doc. 12.) Arias denied many factual allegations and stated the following affirmative defenses: (1) failure to state a cause of action, (2) Plaintiff's comparative negligence, (3) actions in good faith, (4) estopped/ratification, (5) lack of standing, (6) unclean hands, (7) statute of limitations, (8) waiver, (9) full performance by defendant, (10) waiver, and (11) consent. (*See* Doc. 12 at 6-9, ¶¶50-60.) In addition, Arias indicated he was reserving his right to state additional affirmative defense based upon new facts that may be discovered. (*Id.* at 9, ¶ 61.) Further, in his prayer for relief, Arias requested that he "be awarded attorneys fees and costs." (*Id.* at 9.)

Plaintiff now requests that Court "strik[e] the affirmative defenses and prayer for attorney's fees of Defendant Arias and … deem certain averments in the First Amended Complaint admitted." (Doc. 13 at 1.)

///

**II.     Legal Standards**

Rule 8 of the Federal Rules of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c).

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f). A defense may be "insufficient" as a matter of pleading or as a matter of law. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). The Ninth Circuit has explained a defense is insufficiently pled if it fails to give "fair notice" of the defense. *Wyshak*, 607 F.2d at 827. A defense is insufficient as a matter of law when there are no questions of fact, questions of law are clear and not in dispute, and the defense would not succeed under any circumstances. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted). Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also* Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike affirmative defenses "are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

**III.    Discussion and Analysis**

|     |     |     |
| --- | --- | --- |
| 1   | **A.** | **Failure to State a Cause of Action:** "Defendant alleges that the Plaintiff failed to state facts sufficient to constitute a cause of action against the Defendant." (Doc. 12 at 6, ¶ 50.) |
| 2   |     |     |

Plaintiff contends this "fails to provide notice of how the FAC is insufficiently pled." (Doc. 13 at 4.) In response, Arias asserts the defense was raised "as a precautionary matter due to [his] inability at the pleadings stage to determine the terms of the assignment upon which plaintiff claims a right to pursue this action. (Doc. 15 at 4.)

Significantly, proper "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In contrast, a denial of allegations in the complaint or "an assertion that the [plaintiff] cannot prove the elements of [its] claim" is not a proper affirmative defense. *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 at *8-9 (E.D. Cal. July 8, 2009). Accordingly, "[f]ailure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010 at *5 (E.D. Cal. June 8, 2011); *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case"). Therefore, Arias' first affirmative defense is **STRICKEN**.

|     |     |     |
| --- | --- | --- |
| 18  | **B.** | **Plaintiff's Comparative Negligence:** "Defendant alleges that Plaintiff was negligent and careless in and about the matters set forth in the Amended Complaint, and that Plaintiff's damages, if any, are, and/or shall be, the direct and proximate result of Plaintiff's own negligence and that, as a result, Plaintiff's claim, as contained in the Amended Complaint, is barred or proportionately reduced." (Doc. 12 at 6-7, ¶ 51.) |
| 19  |     |     |
| 20  |     |     |

Plaintiff argues this "is not a defense to this contract-based matter." (Doc. 13 at 4, citing *e.g.*, *FDIC v. Varrasso*, 2012 U.S. Dist. LEXIS 50443 at *8-9 (E.D. Cal. Apr. 10, 2012)). In response, Arias indicated that he "agrees to the striking or withdrawal of this affirmative defense." (Doc. 15 at 4.) Accordingly, the second affirmative defense is **STRICKEN**.

|     |     |     |
| --- | --- | --- |
| 25  | **C.** | **Actions in Good Faith:** "Defendant alleges that the answering Defendant and each of their agents, servants and/or employees acted reasonably, properly and in good faith in all transactions relevant hereto, and did not directly or indirectly perform any acts whatsoever which would constitute a breach of duty owed to Plaintiff." (Doc. 12, ¶52.) |
| 26  |     |     |

5

Plaintiff argues this affirmative defense "lacks any factual details and is also irrelevant and immaterial in showing whether Arias breached the contractual terms of the Note, Deed of Trust or Modifications." (Doc. 13 at 5, emphasis omitted.) On the other hand, Arias argues "[t]his defense is asserted based on [his] faithful performance under the terms of the Promissory Note and Deed of Trust since 2006, and the failure of plaintiff and its predecessors to assert a breach of occupancy clause some eight (8) years later." (Doc. 15 at 5.)

Notably, Arias does not allege facts in his Answer to support his assertion that he acted in good faith. Moreover, to the extent that Arias asserts he "did not directly or indirectly perform any acts whatsoever which would constitute a breach of duty owed to Plaintiff," this defense goes to the merits of the complaint. An allegation that "merely negates an element [the plaintiff] was required to prove … [is] not an affirmative defense." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Therefore, the third affirmative defense is **STRICKEN**.

> **D.** **Estoppel/ Ratification:** "Defendant alleges that Plaintiff directed, ordered, approved and ratified Defendant's conduct alleged herein, unreasonably delayed in bringing this action and are estopped and barred from alleging the matters set forth in said Amended Complaint." (Doc. 12 at 7, ¶ 53.)

Plaintiff argues this affirmative defense fails to provide fair notice because "no facts are pled in support of th[e] defense." (Doc. 13 at 5.) Plaintiff notes that Arias "failed to plead that . . . Plaintiff used any misleading conduct to lead him to a particular result," and did not "plead that Plaintiff executed any written documents as to this alleged conduct." (*Id.*)

In response, Arias asserts the defense based upon his "faithful performance pursuant to the terms of the Promissory Note and Deed of Trust since 2006." (Doc. 15 at 5.) According to Arias, "The fact that ARIAS has made all payments and complied with all of the terms in the[] operative contracts warrants the assertion of these defenses that any breach…may estop plaintiff from pursuing this action or otherwise constitute a ratification by plaintiff and/or its predecessors in interest not to enforce or otherwise pursue the occupancy clause as a default." (*Id.*) Significantly, however, these assertions are not made in the answer, which fails to provide Plaintiff fair notice of how the doctrine of estoppel or ratification may be applied. *See J & J Sports Productions, Inc. v. Montanez,* 2010 U.S. Dist. LEXIS 137732 at *8-9, (E.D. Cal. Dec. 13, 2010) (striking an affirmative defense based upon estoppel where

the plaintiff failed "to specify which theory of estoppel is being asserted and the allegation [was] wholly insufficient to provide . . . adequate notice of the facts supporting the defense"). Therefore, Defendant's fourth affirmative defense is insufficiently pled, and is **STRICKEN** with leave to amend.

      E.      **Standing**: "Defendant alleges that Plaintiff lacks standing to sue." (Doc. 12 at 7, ¶ 54.)

Plaintiff argues this is not an affirmative defense, but rather "an allegation Plaintiff has not met its burden of proof to pursue this case." (Doc. 13 at 5, citing *Dairy Employees Union Local No. 17 v. Dairy*, 2015 U.S. Dist. LEXIS 14805 at \*10 (C.D. Cal. Feb. 6, 2015)). In response, Defendant asserts that he is unable to determine whether Plaintiff has standing "[u]ntil discovery is conducted concerning the underlying security documents and the …sundry assignments plaintiff claims the right to pursue." (Doc. 15 at 5.)

Importantly, because "standing is an element of plaintiff's prima facie case," a challenge to standing is not a proper affirmative defense. *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 604 (E.D. Cal. 2013) (striking an affirmative defense for lack of standing, because the issue "is properly addressed through denial or a motion to dismiss"). Therefore, Arias' fifth affirmative defense is **STRICKEN**.

      F.      **Unclean Hands**: "Defendant alleges that Plaintiff has continually failed to act in good faith when dealing with the rights of Defendant herein, and as a result, Plaintiff is barred from relief by the equitable doctrine of unclean hands." (Doc. 12 at 7, ¶ 55.)

The doctrine of unclean hands bars recovery for a plaintiff who engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) (citations omitted). Here, Defendant does not identify any conduct by Plaintiff amounting to "unclean hands" in support of this defense in the Answer. Because the assertion lacks factual support, it is insufficient to give Plaintiff fair notice of the basis of this defense. *See CTF Devel., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at \*22 (N.D. Cal. Oct. 26, 2009) ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands'") (emphasis in original). Therefore, Defendant's sixth affirmative defense is **STRICKEN** with leave to amend.

      G.      **Statute of Limitations: "**Defendant alleges that some, or all of the purported claims for damages are barred by the provisions of applicable statutes of limitations in the California Code of Civil Procedure, including but not limited to, Sections 318, 321,

336, 337, 337.1, 337.15, 337.2, 338, 338.1, 339, 339.5, 340, 340.1, 340.2, 340.3, 340A, 340.5, 340.6, 342, 343, 344, 345." (Doc. 12 at 8, ¶ 56.)

Plaintiff argues that Arias fails to identify in the Answer "which if any claims are time barred." (Doc. 13 at 6, citing *Hernandez v. County of Monterey*, 2015 U.S. Dist. LEXIS 49822 at *9-10 (N.D. Cal. Apr. 15, 2015)). In response, Arias asserts the defense is "based on the suspected expiration of the statute of limitations governing plaintiff's claim." (Doc. 15 at 6.) Arias argues, "Plaintiff claims a breach of contract under the 'occupancy clause,' the fulfillment or non-fulfillment of which occurred over 7 years ago… and the fact that this claim has not been raised at any point in time prior to now suggests the applicable statute of limitations has expired." (*Id.*)

Again, however, Arias did not state any facts in the Answer to support his seventh affirmative defense. As the court noted in *Hernandez*, a defendant must identify the claim to which he believes a statute of limitation applies, and allege facts to give a plaintiff fair notice of the defense. *Id.*, 2015 U.S. Dist. LEXIS 49822 at *10. Accordingly, the seventh affirmative defense is **STRICKEN** with leave to amend.

> **H.** **Waiver**: "Defendant believes, and on such information and belief, alleges that Plaintiff engaged in conduct that constitutes a waiver of their rights. By reason of such waiver, the answering Defendant is excused from the performance of the alleged contract." (Doc. 12 at 8, ¶57.)  "Defendant alleges that Plaintiff has voluntarily and intentionally waived the right to seek relief in this action from Defendant." (*Id.* at 9, ¶ 59.)

Waiver is an "intentional relinquishment or abandonment of a known right." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Here, there is no indication in Defendant's answer that Plaintiff engaged in activity that might constitute a waiver of known rights. Without supporting factual allegations, Arias' assertion that the doctrine of waiver is applicable is insufficient to provide fair notice. *See J & J Sports Prods., Inc. v. Nguyen*, 2012 U.S. Dist. LEXIS 51641, at *4 (N.D. Cal. Mar. 22, 2012) (finding an affirmative defense insufficient where the defendant "does not provide any supporting facts, making it impossible for Plaintiff to ascertain the basis for the affirmative defense[]"). Accordingly, these affirmative defenses are **STRICKEN** with leave to amend.

> **I.** **Full Performance**: "Defendant alleges that his full performance of any agreement or act required of him, if there be such agreements or acts, fulfills all their duties and obligations to Plaintiff, if any there be, contractual, fiduciary, or other, and no other duty or obligation to Plaintiff remains on behalf of the answering Defendant." (Doc. 12 at 8, ¶ 58.)

Defendant asserts that through this defense, he affirms that he "fully complied with the operative Promissory Note and Deed of Trust concerning the making of all payments called for under the Promissory Note." (Doc. 15 at 6.) Significantly, the denial of allegations in the complaint is not a proper affirmative defense. *See Solis*, 2009 U.S. Dist. LEXIS 63271 at *8-9. Further, Arias fails to allege any facts to support this defense in his Answer. Therefore, Arias' ninth affirmative defense is **STRICKEN**.

> **J.** **Consent**: "Defendant alleges that Plaintiff consented, expressly and impliedly, to any acts or conduct complained of in the Amended Complaint and, therefore, Plaintiff is barred from recovery." (Doc. 12 at 9, ¶ 60.)

Plaintiff argues this affirmative defense "is duplicative of the above defenses of Waiver, which likewise fails to plead Plaintiff's written consent to the conduct of Defendant Arias, modifying the Note and Deed, per the Statute of Frauds." (Doc. 13 at 7.) In response, Arias asserts he stated the defense "as a precautionary measure since the operative underlying documents have not been attached to plaintiff's amended complaint or otherwise been made available to [him]…" (Doc. 15 at 7.) Also, Arias argues the defense is not duplicative to the defense of waiver, "to the extent that there may have been a conscience waiving of the 'occupancy clause.'" (*Id.*)

Again, however, Arias failed to plead any facts to support this affirmative defense. There are no facts from which it may be inferred that Plaintiff indicated its consent, expressly or impliedly to Arias' conduct. Without such facts, Arias fails to give Plaintiff fair notice. *See Wyshak*, 607 F.2d at 827. Therefore, the eleventh affirmative defense is **STRICKEN** with leave to amend.

> **K.** **Reservation of Defenses:** "Defendant alleges there may be new facts not alleged in Plaintiff's Amended Complaint that may reveal new affirmative defenses which this answering Defendant may assert at the time of trial." (Doc. 12 at 9.)

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. May 8, 2009). (citation omitted). Rather, if a defendant seeks to add affirmative defenses at a later date, the defendant "must comply with Rule 15 of the Federal Rules of Civil Procedure." *Id.*; *see also Wyshak*, 607 F.2d at 826-27. Thus, Defendant's reservation clause is not a proper affirmative defense, is redundant, and is **STRICKEN**.

### L. Prayer for attorneys' fees and costs

In his prayer for relief, Arias requested he "be awarded attorneys fees and costs." (Doc. 12 at 9.) Plaintiff requests that Court "strik[e] the affirmative defenses and prayer for attorney's fees of Defendant Arias" because he "did not and cannot allege any contractual or statutory basis for an award of his attorney's fees and costs." (Doc. 13 at 1, 8.) Plaintiff contends: "The Deed of Trust and Note provide for the Lender to collect expenses, such as attorney's fees and costs in pursuing its remedies under them. The Note and Deed of Trust do not provide for the Defendants to collect their fees and expenses under them." (*Id.* at 8, emphasis omitted.)

Significantly, however, this Court has determined that striking portions of a prayer for relief is not proper under Rule 12(f). *Estate of Prasad v. County of Sutter*, 958 F. Supp.2d 1101, 1128-29 (E.D. Cal. 2013) (declining to strike a prayer for relief for damages or attorney's fees because the prayer did not "qualify material that may be stricken under any of 'the five categories' in Rule 12(f)"); *see also McGuire v. Recontrust Co., N.A.*, 2013 U.S. Dist. LEXIS 155864 at *9-10 (E.D. Cal. 2013) ("[A]n improper prayer is neither an 'insufficient defense' nor a 'redundant, immaterial, impertinent or scandalous' matter under Rule 12(f)") (citation omitted). Accordingly, Plaintiff's motion to strike the prayer for attorneys' fees and costs is **DENIED**.

### M. Plaintiff's request to strike denials

Plaintiff argues that Arias should been deemed to have admitted ¶¶ 13-15, 20, and 21 of the First Amended Complaint ("FAC") which relate to the Note, Deed of Trust, and loan modifications. (Doc. 13 at 8-9.) In addition, Plaintiff argues the Court should find Arias' denials related to the assignments were improper, and that ¶¶ 23-29 of the FAC should be deemed admitted. (*Id.*)

In these paragraphs of the FAC, Plaintiff alleges that "[t]he Deed of Trust defines the Borrower as Defendant Arias," and includes an occupancy clause requiring the Borrower to "occupy, establish and use the Property as Borrower's principal residence within 60 days after execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal address for at least one year after the date of occupancy…" (Doc. 8 at 3, ¶¶13-14.) In addition, Plaintiff alleges the Deed of trust provides the Borrower will be in default if he gives "materially false, misleading, or inaccurate information or statements to Lender… in connection with the Loan." (*Id.*, ¶ 15.) Plaintiff alleges Arias

executed loan modification agreements in 2010 and 2011. (*See id.*, ¶¶ 20-21.) Further, Plaintiff makes several allegations related to the assignments of the Note, Deed of Trust, and loan modifications. (*Id.* at 4-5, ¶¶ 23-29.)

Arias responded to these allegations stating that he was "without knowledge or information sufficient to admit or deny the facts contained in the paragraph[s]." (Doc. 12 at 3, ¶¶ 13-15, 20-21, 23-29.) Plaintiff argues the responses were improper because Arias admits "his execution of the Warranty Deeds, Note and Deed of Trust and denied breaching them," and Arias "denied breaching the Modifications." (Doc. 13 at 9.) Plaintiff asserts the denials should be stricken because "Arias is clearly in possession of copies of these documents and/or has knowledge of them." (*Id.*, citing *In re AST Research Sec. Litig.*, 1994 U.S. Dist. LEXIS 20850 at *4 (C.D. Ca. Nov. 10, 1994)).

*In re AST Research Sec. Litig.*, the defendant neither admitted nor denied the allegations set forth but instead referred "plaintiffs to documents readily available to defendants." *Id.*, 1994 U.S. Dist. LEXIS 20850 at *4. Such documents included press releases issued by the defendant, quarterly reports also issued by the defendant, and trading records. *Id.* The court found the defendant failed to comply with the requirement of Rule 8(b) to either admit or deny the factual allegations, and deemed the allegations of the complaint as admitted pursuant to Rule 8(d). *Id.* However, the court recognized that "if a party is without knowledge or information sufficient to admit or deny, they may so state and this has the effect of a denial." *Id.* at *3 (citing Fed. R. Civ. P. 8(b)).

Specifically, under Rule 8(b), "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). Here, Defendant asserted he lacked information sufficient to respond to the allegations of the complaint where Plaintiff quoted the terms of the Deed of Trust, and the parties to the loan modifications. (Doc. 12 at 3, ¶¶ 13-15, 20-21.) Like Plaintiff, the Court finds it somewhat incredible that Arias does not know whether he was obligated to reside at the home or that he was the "borrower" on the loan, though whether Arias knew he was obligated to live in the home for a year is not quite so intuitive. On the other hand, it is not beyond the realm of possibility that Arias thinks he may have been identified by some other title in the document, such as "mortgagee" or the like or that he does not recall now whether there were occupancy requirements. Notably, clarifying these issue should

11

be relatively easily to handle in discovery.

As a result, the Court concludes Arias' responses related to ¶¶ 23 -29 are marginally justified and sufficient to comply with Rule 8(b), under which the responses are deemed denials, not admissions. *See* Fed. R. Civ. P. 8(b)(5). Accordingly, Plaintiff's request to deem ¶¶ 13-15, 20-21, and 23-29 as admitted is **DENIED.**

**IV.     Conclusion**

Significantly, it does not appear many of the deficiencies identified above may be cured by amendment. However, leave to amend the answer should be freely given where the plaintiff will not be prejudiced. *Rennie & Laughlin*, 242 F.2d at 213; *Wyshak*, 607 F.2d at 827.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to strike the affirmative defenses is **GRANTED IN PART**;
2. Defendant's first, second, third, fifth, and ninth affirmative defenses are **STRICKEN** without leave to amend;
3. Defendant's reservation to state other affirmative defenses is **STRICKEN** without leave to amend;
4. Plaintiff's motion to strike the prayer for attorney's fees and costs is **DENIED**;
5. Plaintiff's motion to deem ¶¶ 13-15, 20-21, and 23-29 of the First Amended Complaint as admitted is **DENIED**; and
6. Any amended answer SHALL be filed within twenty-one days of the date of service of this order. If Defendant does not amend within this time period, the Answer will stand.

IT IS SO ORDERED.

Dated:     **July 9, 2015**                             /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE