1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

LANDMARK EQUITY FUND, II, LLC,

12

      Plaintiff,

13

      v.

14

JULIO ARIAS, et al.,

15

      Defendants.

16

      )  Case No.: 1:15-cv-00202 - JLT
      )
      )  ORDER GRANTING IN PART PLAINTIFF'S
      )  MOTION TO STRIKE PORTIONS OF THE
      )  ANSWER FILED BY CECILIO ROSALES AND
      )  VIRGINIA ROSALES
      )
      )  (Doc. 19)
      )

17

      Plaintiff Landmark Equity Fund II, LLC seek to strike the affirmative defenses asserted by

18

defendants Cecilio Rosales and Virginia Rosales. (Doc. 19). On June 2, 2015, Defendants filed their

19

opposition to the motion (Doc. 24), to which Plaintiff filed a reply on July 3, 2015 (Doc. 26). For the

20

following reasons, Plaintiff's motion to strike is **GRANTED IN PART**.

21

**I.      Background**

22

      Plaintiff initiated this action for the foreclosure of real property and enforcement of a debt for

23

which the property is secured as collateral. (Docs. 1, 8). Plaintiff alleges the real property in issue is

24

located at 1524 Lincoln Street, Bakersfield, California 93305, and title for the property was vested in

25

Raul Aguilar. (Doc. 8 at 2, ¶ 9.) According to Plaintiff, Mr. Aguilar "transferred the Property to

26

Defendant Arias, per a warranty deed recorded 6/15/01, Kern County Document No. 201082359." (*Id.*)

27

      Plaintiff alleges that around 2004 or 2005, Cecelio Rosales and Virginia Rosales "began

28

occupying the Property while Arias occupied a nearby house and agreed to act as a straw man borrower

on their behalf as to the Property." (Doc. 8 at 3, ¶ 10.) Plaintiff alleges Arias "transferred title to the Property to himself, in his current name, per a warranty deed recorded 5/1/06, Kern County Document No. 206107275." (*Id.*, ¶ 11.) Further, Plaintiff alleges Arias "executed a promissory note for $168,000.00 to Mortgage Electronic Registration Systems, [MERS] nominee for WMC Mortgage Corp, for which the Property was secured as collateral, per a Deed of Trust, dated 11/2/06, recorded 11/28/06, Kern County Document No. 0206291233." (*Id.*, ¶ 12.)

According to Plaintiff, the Arias is identified as the Borrower in the Deed of Trust, which contains the following provisions:

> Borrower shall occupy, establish and use the Property as Borrower's principal residence within 60 days after execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal address for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. [Deed of Trust ¶ 6]
> …
> Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge and consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence. [Deed of Trust ¶8]

(Doc. 8 at 13, ¶¶ 13-15.) Plaintiff asserts Arias did not disclose "his role as a straw man borrower for the Rosales Defendants and non-occupancy of the Property, contrary to the Note and Deed of Trust." (*Id.* at 4, ¶ 17.) Further, Plaintiff alleges that "Arias breached his obligations under the Note and Deed of Trust" through failing to disclose this role, and by "failing to make timely payments." (*Id.*, ¶ 19.)

Plaintiff alleges MERS "assigned the Notice and Deed of Trust to Liquidation Properties, Inc. n/k/a Citigroup Global Markets Realty Corp" on October 30, 2008, and the assignment was recorded on December 18, 2008. (Doc. 8 at 4, ¶ 18.)

Plaintiff asserts, "Arias executed a loan modification of the Note and Deed of Trust, with SN Servicing, servicer for Citigroup" on February 18, 2010, with a retroactive effective date of January 12, 2010. (Doc. 8 at 4, ¶ 20.) Plaintiff alleges that Arias represented himself as the borrower in the loan modification, and "certified, represented and agreed with SN that he lived in the Property as his principal address." (*Id.*, ¶¶ 20-21.) According to Plaintiff, Arias also breached the loan modification

through "failing to make timely payments, failed to disclose his straw-man execution of the Instruments for the Rosales Defendants and his non-occupancy of the Property." (*Id.*, ¶ 22.)

Plaintiff alleges Citigroup sold the loan in June 2011 to Residential Fund 76, LLC, and "formally assigned the Notice, Deed of Trust and 2010 Modification" on October 11, 201. (Doc. 8 at 5, ¶¶ 24-25.) Plaintiff asserts that Residual Fund 76, LLC then assigned the Note, Deed of Trust, and Modification to Landmark Financial Solutions ("LFS") on October 28, 2011. (*Id.*, ¶ 26.)

Plaintiff alleges Arias executed a second loan modification on September 29, 2011, "stipulating that LFS was the holder of the loan, representing himself as the borrower, reducing the principal loan balance to $80,000.00, per his fulfillment of its conditions, including applying for [the Hardest-Hit Fund]." (Doc. 8 at 5, ¶ 27.) However, Plaintiff asserts that Arias breached the 2011 modification agreement. (*Id.*, ¶ 30) According to Plaintiff, LFS assigned the Note, Deed of Trust and Modifications to Plaintiff on January 27, 2015. (Doc. 8 at 5, ¶ 31.)

Based upon these facts, Plaintiff seeks the foreclosure of the Property, "a post-sale judgment/writ of possession/ejectment" and enforcement of the Notice, Deed of Trust, and Loan Modification instruments "under which Arias is indebted to Plaintiff." (*See* Doc. 8 at 6-7.)

Cecilio and Virginia Rosales Arias filed their answer to the amended complaint on June 10, 2015. (Doc. 16.) Defendants denied many factual allegations, and stated the following affirmative defenses: (1) failure to state a cause of action, (2) actions in good faith, (3) estoppel/ratification, (4) lack of standing, (5) statute of limitations, (6) laches, (7) ratification of acts, (8) equitable estoppel, laches, and unclean hands, (9) waiver, (10) full performance, and (11) consent. (*See* Doc. 16 at 4-7, ¶¶ 50-60.) Defendants indicated they were reserving a right to state additional affirmative defense based upon new facts that may be discovered. (*Id.* at 7, ¶ 61.) Further, in his prayer for relief, Defendants requested they "be awarded attorneys fees and costs." (*Id.* at 7.)

Plaintiff now requests that Court "strik[e] the affirmative defenses and prayer for attorney's fees of the Rosales Defendants and … deem certain averments in the First Amended Complaint admitted." (Doc. 19 at 1.)

///

**II.     Legal Standards**

3

Rule 8 of the Federal Rules of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c).

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f). A defense may be "insufficient" as a matter of pleading or as a matter of law. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). The Ninth Circuit has explained a defense is insufficiently pled if it fails to give "fair notice" of the defense. *Wyshak*, 607 F.2d at 827. A defense is insufficient as a matter of law when there are no questions of fact, questions of law are clear and not in dispute, and the defense would not succeed under any circumstances. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted). Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also* Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike affirmative defenses "are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

**III.     Discussion and Analysis**

4

**A.**   **Failure to State a Cause of Action:**  "Defendants allege that the Plaintiff failed to state facts sufficient to constitute a cause of action against the Defendants."  (Doc. 16 at 4, ¶ 50.)

Plaintiff contends this "is not a proper affirmative defense." (Doc. 19 at 5.)  In response, Defendants assert the defense was raised "as a precautionary matter due to [their] inability at the pleadings stage to determine the terms of the assignment upon which plaintiff claims a right to pursue this action. (Doc. 24 at 4.)

Significantly, proper "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  In contrast, a denial of allegations in the complaint or "an assertion that the [plaintiff] cannot prove the elements of [its] claim" is not a proper affirmative defense.  *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 at *8-9 (E.D. Cal. July 8, 2009).  Accordingly, "[f]ailure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense."  *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010 at *5 (E.D. Cal. June 8, 2011); *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case").  Therefore, Defendants' first affirmative defense is **STRICKEN**.

**B.**   **Actions in Good Faith:**  "Defendant alleges that these answering Defendants acted reasonably, properly and in good faith in all transactions relevant hereto, and did not directly or indirectly perform any acts whatsoever which would constitute a breach of the Note and/or Deed of Trust." (Doc. 16 at 4-5, ¶51.)

Plaintiff argues this affirmative defense "is immaterial, insufficient and impertinent as the only transactions at issue are the Note, Deed of Trust and Modifications, which the Rosales Defendants did not execute, of which they deny any knowledge." (Doc. 19 at 5, emphasis omitted.)  On the other hand, Defendants argue "this affirmative defense is properly asserted since plaintiff alleges [they] are proper party defendants to the Foreclosure count." (Doc. 24 at 4.)

Notably, however, Defendants do not allege *facts* in their Answer to support a conclusion that they acted in good faith.  Moreover, to the extent that Defendants argue they "did not directly or indirectly perform any acts whatsoever which would constitute a breach," this defense goes to the

1   merits of the complaint.  An allegation that "merely negates an element [the plaintiff] was required to

2   prove … [is] not an affirmative defense."  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080,

3   1088 (9th Cir. 2002).  Therefore, the second affirmative defense is **STRICKEN**.

4       **C.**   **Estoppel/ Ratification:**  "Defendants allege that Plaintiffs predecessors in interest

5   directed, ordered, approved and/or ratified Defendants' occupancy of the property alleged herein, and Plaintiff unreasonably delayed in bringing this action and is estopped and barred from alleging the matters set forth in said Amended Complaint."

6   (Doc. 16 at 5, ¶ 52.)

7       Plaintiff argues this affirmative defense fails to provide fair notice because no facts are pled in

8   support of the defense.  (Doc. 19 at 5.)  Plaintiff notes that Defendants "do not allege Plaintiff misled

9   them to a particular result, or even executed any written documents with them, per the Statute of

10  Frauds."  (*Id.*)  Further, Plaintiff asserts the defense "is impertinent as the Rosales Defendants fail to

11  allege the existence of a voidable contract with Plaintiff or its predecessors."  (*Id.*)

12      In response, Arias asserts the defense based upon their "faithful performance pursuant to the

13  terms of the Promissory Note and Deed of Trust since 2006."  (Doc. 24 at 5.)  According to

14  Defendants, "The fact that ARIAS and ROSALES' [sic] have made all payments and complied with all

15  of the terms in the[] operative contracts warrants the assertion of these defenses that any breach…may

16  estop plaintiff from pursuing this action or otherwise constitute a ratification by plaintiff and/or its

17  predecessors in interest not to enforce or otherwise pursue the occupancy clause as a default."  (*Id.*)

18  Significantly, however, these assertions are not made in the answer, which fails to provide Plaintiff fair

19  notice of how the doctrine of estoppel or ratification may be applied.  *See J & J Sports Productions,*

20  *Inc. v. Montanez,* 2010 U.S. Dist. LEXIS 137732 at *8-9, (E.D. Cal. Dec. 13, 2010) (striking an

21  affirmative defense based upon estoppel where the plaintiff failed "to specify which theory of estoppel

22  is being asserted and the allegation [was] wholly insufficient to provide . . . adequate notice of the facts

23  supporting the defense").  Therefore, Defendants' third affirmative defense is insufficiently pled, and is

24  **STRICKEN** with leave to amend.

25      **D.**   **Standing:**  "Defendants allege that Plaintiff lacks standing to sue."  (Doc. 16 at 5, ¶ 53.)

26      Plaintiff argues this is not an affirmative defense, but rather "an allegation Plaintiff has not met

27  its burden of proof to pursue this case."  (Doc. 19 at 6, citing *Dairy Employees Union Local No. 17 v.*

28  *Dairy*, 2015 U.S. Dist. LEXIS 14805 at *10 (C.D. Cal. Feb. 6, 2015)).  In response, Defendants assert

they are unable to determine whether Plaintiff has standing "[u]ntil discovery is conducted concerning the underlying security documents and the …sundry assignments plaintiff claims the right to pursue." (Doc. 24 at 5.)

Importantly, because "standing is an element of plaintiff's prima facie case," a challenge to standing is not a proper affirmative defense. *Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 604 (E.D. Cal. 2013) (striking an affirmative defense for lack of standing, because the issue "is properly addressed through denial or a motion to dismiss"). Therefore, Defendants' fourth affirmative defense is **STRICKEN**.

> **E.     Statute of Limitations:** "Defendants allege that some, or all of the purported claims for damages are barred by the provisions of applicable statutes of limitations in the California Code of Civil Procedure, including but not limited to, Sections 318, 321, 336, 337, 337.1, 337.15, 337.2, 338, 338.1, 339, 339.5, 340, 340.1, 340.2, 340.3, 340A, 340.5, 340.6, 342, 343, 344, 345." (Doc. 16 at 5, ¶ 54.)

Plaintiff argues that Defendants fail to identify in the Answer "which if any claims are time barred." (Doc. 19 at 6, citing *Hernandez v. County of Monterey*, 2015 U.S. Dist. LEXIS 49822 at *9-10 (N.D. Cal. Apr. 15, 2015)). In response, Defendants assert the affirmative defense is "based on the suspected expiration of the statute of limitations governing plaintiff's claim." (Doc. 24 at 5.) Defendants argue, "Plaintiff claims a breach of contract under the 'occupancy clause,' the fulfillment or non-fulfillment of which occurred over 7 years ago… and the fact that this claim has not been raised at any point in time prior to now suggests the applicable statute of limitations has expired." (*Id.*)

Again, however, Defendants not state any facts in the Answer to support this affirmative defense. As the court noted in *Hernandez*, a defendant must identify the claim to which he believes a statute of limitation applies, and allege facts to give a plaintiff fair notice of the defense. *Id.*, 2015 U.S. Dist. LEXIS 49822 at *10; *see also Wyshak*, 607 F.2d at 827. Accordingly, the affirmative defense is **STRICKEN** with leave to amend.

> **F.     Laches:** "Defendants allege that Plaintiff and its predecessors in interest, have unreasonably delayed in bringing this action, and such delay has caused prejudice to Defendants' defense hereto, and, therefore, the action is barred by the doctrine of laches." (Doc. 16 at 5.)

As explained by the Ninth Circuit, "Laches is an equitable time limitation on a party's right to bring suit." *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000). To establish the

1  doctrine is applicable, a defendant must show "both an unreasonable delay by the plaintiff and

2  prejudice to itself." *Id.* (quoting *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2000)).

3          Here, Defendants did not allege facts to demonstrate Plaintiff unreasonably delayed in

4  commencing this action, or allege facts supporting a determination that prejudice resulted due to the

5  delay in filing.  Because their answer fails to overcome the presumption that the doctrine is not

6  applicable, Defendants' sixth affirmative defense is **STRICKEN** with leave to amend.

7          **G**.    **Ratification**: "Defendants allege that Plaintiff had actual and/or constructive knowledge
               of the circumstances on which the Amended Complaint is based. Plaintiff expressly

8               and/or impliedly accepted those circumstances and/or ratified the conduct of which it
               now complains, and as a result, is barred from any recovery." (Doc. 16 at 6, ¶ 56.)

9

10         Plaintiff contends this affirmative defense "is redundant as duplicative of the Third Defense,

11 which also pleads Estoppel and fails to plead any facts."  (Doc. 19 at 6-7.)  In response, Defendants

12 argue they "believe there is a basis for the affirmative defense Ratification of Acts since plaintiff is the

13 last in a long list of assignees who may have waived the occupancy requirement, ratified the waiver of

14 the occupancy by accepting mortgage payments, and/or ratified the conduct of prior assignees who

15 have either waived or ratified the performance or conditions for performance under the Note and Deed

16 of Trust."  (Doc. 24 at 6.)

17         As an initial matter, the affirmative defense is not identical to the third affirmative defense

18 because the third defense is limited to Defendants' occupancy of the residence in issue.  Nevertheless,

19 Defendants do not dispute that the facts asserted in opposition to the motion were not alleged in the

20 Answer.  Without the factual allegations, Plaintiff was not given fair notice of how or why Defendants

21 believed the affirmative defense of ratification was applicable to the action.  *See Wyshak*, 607 F.2d at

22 827.  Therefore, Defendants' seventh affirmative defense is **STRICKEN** with leave to amend.

23         **H**.    **Equitable Estoppel, Laches, and Unclean Hands**: "Defendants allege that the
               Complaint's claims are barred by the Equitable Doctrines of Equitable Estoppel,

24               Laches, and Unclean Hands."  (Doc. 16 at 6, ¶ 57.)

25         Plaintiff argues this affirmative defense should be stricken because it "improperly and

26 confusingly combines several defenses under a single heading rather than pleading them separately

27 and showing which apply, per Fed. R. Civ. P. 8."  (Doc. 19 at 7.)  In addition, Plaintiff argues that it

28

1    "improperly duplicate the unsupported Third and Sixth Defenses." (*Id.*, citing *Dairy Employees*, 2015

2    U.S. Dist. LEXIS 14805 at *20-21).

3          Defendants agree the affirmative defense "is duplicative of prior affirmative defenses" to the

4    extent it is based upon the doctrines of equitable estoppel and laches. (Doc. 24 at 6.)  However,

5    Defendants contend the defense should not be stricken because "unclean hands [w]as not previously

6    stated and is appropriate … to the extent plaintiff has not dispelled through averments or documents

7    it's [sic] good standing to maintain this lawsuit." (*Id.*)

8          The doctrine of unclean hands bars recovery for a plaintiff who engaged in "reprehensible

9    conduct in the course of the transaction at issue."  *McKennon v. Nashville Banner Publ'g Co.*, 513

10   U.S. 352, 360 (1995) (citations omitted).  Here, Defendants do not identify any conduct by Plaintiff

11   amounting to "unclean hands" in support of this defense in the Answer.  Because the assertion lacks

12   factual support, it is insufficient to give Plaintiff fair notice of the basis of this defense.  *See CTF*

13   *Devel., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *22 (N.D. Cal. Oct. 26, 2009)

14   ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the

15   plaintiff *what* behavior has allegedly given them 'unclean hands'") (emphasis in original).  Therefore,

16   Defendants' sixth affirmative defense is **STRICKEN** with leave to amend.

17       **I.**    **Waiver**: "Defendants believe, and on such information and belief, allege that Plaintiffs

18             predecessors in interest engaged in conduct that constitutes a waiver of their rights
               concerning the 'occupancy clause' Plaintiff claims has been breached and warrants
               judicial foreclosure." (Doc. 16 at 6, ¶ 58.)

19

20         Waiver is an "intentional relinquishment or abandonment of a known right."  *United States v.*

21   *Perez*, 116 F.3d 840, 845 (9th Cir. 1997).  Here, there is no indication in Defendants' answer that

22   Plaintiff engaged in activity that might constitute a waiver of known rights.  Without supporting factual

23   allegations, the assertion that the doctrine of waiver is applicable is insufficient to provide fair notice.

24   *See J & J Sports Prods., Inc. v. Nguyen*, 2012 U.S. Dist. LEXIS 51641, at *4 (N.D. Cal. Mar. 22, 2012)

25   (finding an affirmative defense insufficient where the defendant "does not provide any supporting facts,

26   making it impossible for Plaintiff to ascertain the basis for the affirmative defense[]").  Accordingly,

27   this affirmative defense is **STRICKEN** with leave to amend.

28       **J.**    **Full Performance**: "Defendants allege that the full performance under the terms of the
               Note and Deed of Trust fulfills all the duties and obligations to Plaintiff, and no other

duty or obligation to Plaintiff remains on behalf of the Defendants, collectively." (Doc. 16 at 6, ¶ 59.)

Defendants assert, "This defense is self-explanatory insofar as both ARIAS' [sic] and the ROSALES' [sic] have fully performed under the terms of the, Promissory Note and Deed of Trust, which are the operative contracts and agreements upon which plaintiff ceased to oust the defendants from the property and take ownership in its own name." (Doc. 24 at 8.) Significantly, the denial of allegations in the complaint is not a proper affirmative defense. *See Solis*, 2009 U.S. Dist. LEXIS 63271 at *8-9. Therefore, Defendants' tenth affirmative defense is **STRICKEN**.

   **K.     Consent**: "Defendants allege that Plaintiff's predecessors in interest consented, expressly and/or impliedly, to any acts or conduct complained of in the Amended Complaint and, therefore, Plaintiff is barred from recovery." (Doc. 16 at 7, ¶ 60.)

Plaintiff argues this affirmative defense "is duplicative of the above defense[] of Waiver, which likewise fails to plead Plaintiff's written consent to the straw man purchase or, funding of the loan by Defendant Arias on behalf of the Rosales Defendants." (Doc. 19 at 8-9, emphasis omitted.) In response, Defendants assert they stated the defense "as a precautionary measure since the operative underlying documents have not been attached to plaintiff's Amended Complaint or otherwise been made available to [them]…" (Doc. 24 at 7.) Also, Arias argues the defense is not duplicative to the defense of waiver, "to the extent that there may have been a conscience waiving of the 'Occupancy Clause.'" (*Id.*)

Again, however, Defendants failed to plead any facts to support this affirmative defense in their Answer. There are no facts from which it may be inferred that Plaintiff's predecessors indicated their consent, expressly or impliedly to the activities alleged in Plaintiff's complaint. Without such facts, Defendants fails to give Plaintiff fair notice of how this affirmative defense is applicable to the action. *See Wyshak*, 607 F.2d at 827. Therefore, the eleventh affirmative defense is **STRICKEN** with leave to amend.

   **L.     Reservation of Defenses:** "Defendants allege there may be new facts not alleged in Plaintiff's Amended Complaint that may reveal new affirmative defenses which these answering Defendants may assert at the time of trial." (Doc. 16 at 7, ¶ 61.)

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. May

8, 2009). (citation omitted).  Rather, if a defendant seeks to add affirmative defenses at a later date, the defendant "must comply with Rule 15 of the Federal Rules of Civil Procedure."  *Id.*; *see also Wyshak*, 607 F.2d at 826-27.  Thus, Defendants' reservation clause is not a proper affirmative defense, is redundant, and is **STRICKEN**.

### M.  Prayer for attorneys' fees and costs

In the prayer for relief, Defendants requested they "be awarded attorneys fees and costs."  (Doc. 16 at 7.)  Plaintiff requests that Court strike the prayer because Defendants "they lack any contractual or statutory basis for demanding their attorney's fees and costs, which should be stricken with prejudice."  (Doc. 13 at 1, 9.)  Plaintiff contends: "The Deed of Trust and Note provide for the Lender to collect expenses, such as attorney's fees and costs in pursuing its remedies under them. The Note and Deed of Trust do not provide for the Defendants to collect their fees and expenses under them."  (*Id.* at 8, emphasis omitted.)

Significantly, however, this Court has determined that striking portions of a prayer for relief is not proper under Rule 12(f).  *Estate of Prasad v. County of Sutter*, 958 F. Supp.2d 1101, 1128-29 (E.D. Cal. 2013) (declining to strike a prayer for relief for damages or attorney's fees because the prayer did not "qualify material that may be stricken under any of 'the five categories' in Rule 12(f)"); *see also McGuire v. Recontrust Co., N.A.*, 2013 U.S. Dist. LEXIS 155864 at *9-10 (E.D. Cal. 2013) ("[A]n improper prayer is neither an 'insufficient defense' nor a 'redundant, immaterial, impertinent or scandalous' matter under Rule 12(f)") (citation omitted).  Accordingly, Plaintiff's motion to strike the prayer for attorneys' fees and costs is **DENIED**.

### N.  Plaintiff's request to strike denials

Plaintiff argues that Defendants should been deemed to have admitted ¶¶ 11-31 of the First Amended Complaint ("FAC"), and "particularly ¶ 12-18, as [Defendants] invoke the Note and Deed of Trust in their defenses."  (Doc. 19 at 10.)  In these paragraphs of the FAC, Plaintiff makes several allegations regarding the terms of the Deed of Trust, such as it "defines the Borrower as Defendant Arias," and includes an occupancy clause requiring the Borrower to "occupy, establish and use the Property as Borrower's principal residence within 60 days after execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal address for at least one year after the

date of occupancy…" (Doc. 8 at 3, ¶¶13-14.)  Further, Plaintiff makes several allegations related to the assignments of the Note, Deed of Trust, and loan modifications.  (*Id.* at 4-5, ¶¶ 23-29.)

Defendants responded to the allegations of the complaint, stating: "With respect to Paragraphs 12 through 31, inclusive of the Amended Complaint, Defendants are not parties or signatories to the transactions referenced, and therefore Defendants are without knowledge or information sufficient to admit or deny the facts contained in those referenced paragraphs."  (Doc. 12 at 2.)  Plaintiff argues the response was improper because Defendants "clearly have knowledge of the documents," and the Note and Deed of Trust were "recorded in the office of the Kern County Recorder." (Doc. 19 at 10.) Plaintiff concludes that the allegations should be deemed admitted because "there is no basis for the Rosales Defendants to refuse to admit the existence and terms of the Warranty Deeds, Note, Deed of Trust, Modifications and Assignments in their answer."  (*Id.*, citing *In re AST Research Sec. Litig.*, 1994 U.S. Dist. LEXIS 20850 at *4 (C.D. Ca. Nov. 10, 1994)).

*In re AST Research Sec. Litig.*, the defendant neither admitted nor denied the allegations set forth but instead referred "plaintiffs to documents readily available to defendants." *Id.*, 1994 U.S. Dist. LEXIS 20850 at *4.  Such documents included press releases issued by the defendant, quarterly reports also issued by the defendant, and trading records. *Id.*  The court found the defendant failed to comply with the requirement of Rule 8(b) to either admit or deny the factual allegations, and deemed the allegations of the complaint as admitted pursuant to Rule 8(d). *Id.*  However, the court recognized that "if a party is without knowledge or information sufficient to admit or deny, they may so state and this has the effect of a denial." *Id.* at *3 (citing Fed. R. Civ. P. 8(b)).

Specifically, under Rule 8(b), "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).  Here, Defendants asserted they lacked information sufficient to respond to the allegations of the complaint where Plaintiff quoted the terms of the Deed of Trust, and the parties to the loan modifications because Defendants were not parties or signatories to the transactions alleged by Plaintiff.  (Doc. 16 at 3, ¶ 12.)  These responses are sufficient to comply with Rule 8(b), under which the responses are deemed denials, not admissions.  *See* Fed. R. Civ. P. 8(b)(5).  Accordingly, Plaintiff's request to deem ¶¶ 11-31 as admitted is **DENIED.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    Conclusion

Significantly, it does not appear many of the deficiencies identified above may be cured by amendment.  However, leave to amend the answer should be freely given where the plaintiff will not be prejudiced.  *Rennie & Laughlin*, 242 F.2d at 213; *Wyshak*, 607 F.2d at 827.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's motion to strike the affirmative defenses is **GRANTED IN PART**;

2.    Defendants' first, second, fourth, and tenth affirmative defenses are **STRICKEN** without leave to amend;

3.    Defendants' reservation to state other affirmative defenses is **STRICKEN** without leave to amend;

4.    Plaintiff's motion to strike the prayer for attorney's fees and costs is **DENIED**;

5.    Plaintiff's motion to deem ¶¶ 11-31 of the First Amended Complaint as admitted is **DENIED**; and

6.    Any amended answer SHALL be filed within twenty-one days of the date of service of this order.  If Defendants do not amend within this time period, the Answer will stand.

IT IS SO ORDERED.

Dated:   __July 9, 2015__                    _____/s/ Jennifer L. Thurston__
                                           UNITED STATES MAGISTRATE JUDGE