UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK EQUITY FUND, II, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JULIO ARIAS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00202 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>(Doc. 38) |

Plaintiff Landmark Equity Fund II, LLC seeks judgment on the pleadings related to Defendants' prayer for attorneys' fees pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 38) Plaintiff contends the prayer for fees is improper and lacks "a legal basis, by contract or by statute." (*Id.* at 3-4) Defendants oppose the motion, arguing the prayer for attorneys' fees is proper, and is "based on the same contractual provisions being relied on by [P]laintiff in his prayer." (Doc. 39 at 5)

The Court found the matter suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g) on October 2, 2015. Because Plaintiff fails to demonstrate there is no dispute of fact in dispute, as discussed below, the motion for judgment on the pleadings is **DENIED**.

I.     **Background**

Plaintiff initiated this action for the foreclosure of real property and enforcement of a debt for which the property is secured as collateral. (Docs. 1, 8) Plaintiff alleges the real property in issue is

1

located at 1524 Lincoln Street, Bakersfield, California 93305, and title for the property was vested in Raul Aguilar. (Doc. 8 at 2, ¶ 9) According to Plaintiff, Mr. Aguilar "transferred the Property to Defendant Arias, per a warranty deed recorded 6/15/01, Kern County Document No. 201082359." (*Id.*)

Plaintiff alleges that around 2004 or 2005, Cecelio Rosales and Virginia Rosales "began occupying the Property while Arias occupied a nearby house and agreed to act as a straw man borrower on their behalf as to the Property." (Doc. 8 at 3, ¶ 10) Plaintiff alleges Arias "transferred title to the Property to himself, in his current name, per a warranty deed recorded 5/1/06, Kern County Document No. 206107275." (*Id.*, ¶ 11) Further, Plaintiff alleges Arias "executed a promissory note for $168,000.00 to Mortgage Electronic Registration Systems, [MERS] nominee for WMC Mortgage Corp, for which the Property was secured as collateral, per a Deed of Trust, dated 11/2/06, recorded 11/28/06, Kern County Document No. 0206291233." (*Id.*, ¶ 12)

According to Plaintiff, the Arias is identified as the Borrower in the Deed of Trust, which contains the following provisions:

> Borrower shall occupy, establish and use the Property as Borrower's principal residence within 60 days after execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal address for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. [Deed of Trust ¶ 6]
> …
> Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge and consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence. [Deed of Trust ¶8]

(Doc. 8 at 13, ¶¶ 13-15) Plaintiff asserts Arias did not disclose "his role as a straw man borrower for the Rosales Defendants and non-occupancy of the Property, contrary to the Note and Deed of Trust." (*Id.* at 4, ¶ 17) Further, Plaintiff alleges that "Arias breached his obligations under the Note and Deed of Trust" through failing to disclose this role, and by "failing to make timely payments." (*Id.*, ¶ 19)

Plaintiff alleges MERS "assigned the Notice and Deed of Trust to Liquidation Properties, Inc. n/k/a Citigroup Global Markets Realty Corp" on October 30, 2008, and the assignment was recorded on December 18, 2008. (Doc. 8 at 4, ¶ 18)

Plaintiff asserts, "Arias executed a loan modification of the Note and Deed of Trust, with SN Servicing, servicer for Citigroup" on February 18, 2010, with a retroactive effective date of January 12, 2010. (Doc. 8 at 4, ¶ 20)  Plaintiff alleges that Arias represented himself as the borrower in the loan modification, and "certified, represented and agreed with SN that he lived in the Property as his principal address." (*Id.*, ¶¶ 20-21)  According to Plaintiff, Arias also breached the loan modification through "failing to make timely payments, failed to disclose his straw-man execution of the Instruments for the Rosales Defendants and his non-occupancy of the Property." (*Id.*, ¶ 22)

Plaintiff alleges Citigroup sold the loan in June 2011 to Residential Fund 76, LLC, and "formally assigned the Notice, Deed of Trust and 2010 Modification" on October 11, 201. (Doc. 8 at 5, ¶¶ 24-25)  Plaintiff asserts that Residual Fund 76, LLC then assigned the Note, Deed of Trust, and Modification to Landmark Financial Solutions ("LFS") on October 28, 2011. (*Id.*, ¶ 26)

Plaintiff alleges Arias executed a second loan modification on September 29, 2011, "stipulating that LFS was the holder of the loan, representing himself as the borrower, reducing the principal loan balance to $80,000.00, per his fulfillment of its conditions, including applying for [the Hardest-Hit Fund]." (Doc. 8 at 5, ¶ 27)  However, Plaintiff asserts that Arias breached the 2011 modification agreement. (*Id.*, ¶ 30)  According to Plaintiff, LFS assigned the Note, Deed of Trust and Modifications to Plaintiff on January 27, 2015. (Doc. 8 at 5, ¶ 31)

Based upon these facts, Plaintiff seeks the foreclosure of the Property, "a post-sale judgment/writ of possession/ejectment" and enforcement of the Notice, Deed of Trust, and Loan Modification instruments "under which Arias is indebted to Plaintiff." (*See* Doc. 8 at 6-7)

Cecilio and Virginia Rosales Arias filed their answer to the amended complaint on June 10, 2015. (Doc. 16.)  Defendants denied many factual allegations, and stated the following affirmative defenses: (1) failure to state a cause of action, (2) actions in good faith, (3) estoppel/ratification, (4) lack of standing, (5) statute of limitations, (6) laches, (7) ratification of acts, (8) equitable estoppel, laches, and unclean hands, (9) waiver, (10) full performance, and (11) consent. (*See* Doc. 16 at 4-7, ¶¶ 50-60)  Defendants indicated they were reserving a right to state additional affirmative defense based upon new facts that may be discovered. (*Id.* at 7, ¶ 61)  Further, in his prayer for relief, Defendants requested they "be awarded attorneys fees and costs." (*Id.* at 7)

Plaintiff moved to strike portions of the Answers, including the prayer for attorneys' fees, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Docs. 13, 19) However, the Court noted the "striking of a prayer for relief is not proper under Rule 12(f)." (Doc. 29 at 20; Doc. 30 at 11, citing *Estate of Prasad v. County of Sutter*, 958 F. Supp.2d 1101, 1128-29 (E.D. Cal. 2013) (declining to strike a prayer for relief for damages or attorney's fees because a prayer did not "qualify material that may be stricken under any of 'the five categories' in Rule 12(f)")). Accordingly, the request to strike Defendants' prayers for attorneys' fees was denied. (Doc. 29 at 10; Doc. 30 at 11)

On August 21, 2015, Plaintiff filed the motion now pending before the Court, seeking judgment on the pleadings related to Defendants' prayers for fees pursuant to Rule 12(c). (Doc. 38) Defendants filed their opposition to the motion on September 23, 2015 (Doc. 39), to which Plaintiff filed a reply on September 28, 2015 (Doc. 40).

**II.      Legal Standards**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion pursuant to Rule 12(c) is "functionally identical" to a motion under Rule 12(b). *Dworkin v. Hustler Magazine, Inc.*, 867 F. 2d 1188, 1192 (9th Cir. 1989). Consequently, when considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the [pleadings] as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

To prevail on a Rule 12(c) motion, the moving party bears the burden to demonstrate that (1) "no material issue of fact remains to be resolved" and (2) "he is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). Judgment on the pleadings is improper if the Court is required to go "beyond the pleadings to resolve an issue." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Rather, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Hal Roach Studios*, 896 F.2d at 1150. However, "documents attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence; thus, these documents are properly considered in a Rule 12(c) motion." *Summit Media LLC v. City of Los Angeles*, 530 F. Supp. 2d 1084,

1096 (C.D. Cal. 2008)

### III.    Discussion and Analysis

Plaintiff observes that under California law[1], "[p]arties must bear their own attorneys' fees, unless they have a contract that says otherwise, or such fees are expressly provided for by statute." (Doc. 38 at 4)  Plaintiff argues, without specifically citing the allegations, "As alleged in the FAC the Instruments provide *Lender* may recover attorney's fees in pursuing its remedies under them.  They do *not* provide for the *Defendants* to collect their fees under them." (*Id.*, emphasis in original) Presumably, Plaintiff refers to the allegations in its prayer for relief, which provides:

> Plaintiff requests a judgment and decree, declaring and establishing it holds the senior interest in the Property, its fixtures, appurtenances, applicable contents and applicable insurance policies, regarding the sums due under the Instruments, including principal, interest, late charges, abstracting, taxes, expenses, attorney's fees and costs, foreclosing the Deed of Trust against the Property, declaring all other claims and interests as inferior and subordinate, which are barred and foreclosed from any right, title, interest, equity of redemption and claim in the Property, awarding applicable damages, interest, attorney's fees and costs.

(Doc. 8 at 6-7, ¶ 41)  Thus, Plaintiff alleges it is entitled to an award of attorneys fees and costs under "the Instruments."

Significantly, Plaintiff does not quote the language of the Instruments in the FAC.  In addition, though the Instruments to which Plaintiff referred were incorporated into the FAC by reference, the documents were not attached to the FAC and are not, therefore, available to the Court when evaluating the merits of this motion.  Thus, given the vague allegations of the FAC related to the provisions for attorney fees in the Note, Deed of Trust, and related documents, Plaintiff has not demonstrated Defendants may not recover fees.  Indeed, as Defendants note, under California law: "In any action on a contract, where the contract specifically provides that attorneys fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or the prevailing party, then the party who is determined to be the party prevailing on the contract *whether he or she is the party*

---

[1] Plaintiff argues that, because this case is based upon diversity jurisdiction, California's substantive law applies. (Doc. 38 at 3-4) While true, when evaluating whether the pleading standard is met in a diversity case, *federal* law applies.  Though Plaintiff relies upon *Jen-Mar v. Brown*, 247 Cal.App.2d 564, 573-574 (1967), *Jen-Mar* found merely that the party failed to comply with California's pleading standard such to preclude the award of fees.  Here, while California law governs whether a party is entitled to an award of fees, federal law determines whether the pleading sufficiently set forth an entitlement to fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir.2007).

*specified in the contract or not*, shall be entitled to reasonable attorneys fees in addition to other costs." Cal. Civ. Code §1717(a) (emphasis added).

On the other hand, Plaintiff argues there are no factual allegations in the answer to support the prayer for fees. (Doc. 38 at 3-4) In doing so, Plaintiff notes that the complaint asserts an entitlement to fees based upon the Instruments. Id. As noted above, this fact alone may be a sufficient basis for a claim for fees.

In any event, Fed.R.Civ.P. 54(c) allows the Court to grant damages even if not pleaded. The Rule reads, "judgment should grant the relief to which each a party is entitled, even if the party has not demanded such relief in his pleadings." Fed.R.Civ.P. 54(c). Therefore, even had Defendant not prayed for fees or the Court now strikes the prayer for fees, this would not preclude a later award of fees. Thus, the Court declines to do so.

**IV.     Conclusion and Order**

Given the lack of factual allegations related to the language of the provisions governing attorneys' fees, the Court finds Plaintiff fails to meet its burden to show "no material issue of fact remains to be resolved." *See* Fed. R. Civ. P. 12(c). Furthermore, the Court declines to go "beyond the pleadings" to resolve the issue.

Based upon the foregoing, **IT IS HEREBY ORDERED**: that Plaintiff's motion for partial judgment on the pleadings is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 5, 2015**               /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE