UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK EQUITY FUND II, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JULIO ARIAS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00202 - JLT<br><br>ORDER VACATING THE HEARING DATE OF NOVEMBER 30, 2015<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND MODIFY THE SCHEDULING ORDER (Doc. 43) |

　　　Plaintiff Landmark Equity Fund II, LLC, seeks leave of the Court to file a Second Amended Complaint and modify the Court's Scheduling Order.  (Doc. 44)  Defendants filed their opposition to the motion on November 16, 2015 (Doc. 46) to which Plaintiff filed a reply on November 22, 2015 (Doc. 47).  Having reviewed the arguments of the parties, the Court finds the matter suitable for decision without oral arguments, and Plaintiff's motion is taken under submission pursuant to Local Rule 230(g).  Accordingly, the hearing date of November 30, 2015 is **VACATED**.

　　　Because the Court finds Plaintiffs fail to demonstrate good cause for the amendments, the motion is **DENIED**.

**I.　　Background**

　　　Plaintiff initiated this action to foreclosure on real property and to enforce a debt for which the property is secured as collateral.  (Docs. 1, 8)  Plaintiff alleges the real property at issue is located at 1524 Lincoln Street, Bakersfield, California 93305, and title for the property was vested in Raul

1

Aguilar.  (Doc. 8 at 2, ¶ 9)  According to Plaintiff, Mr. Aguilar "transferred the Property to Defendant Arias, per a warranty deed recorded 6/15/01, Kern County Document No. 201082359." (*Id.*)

Plaintiff alleges that around 2004 or 2005, Cecelio Rosales and Virginia Rosales "began occupying the Property while Arias occupied a nearby house and agreed to act as a straw man borrower on their behalf as to the Property."  (Doc. 8 at 3, ¶ 10)  Plaintiff alleges Arias "transferred title to the Property to himself, in his current name, per a warranty deed recorded 5/1/06, Kern County Document No. 206107275." (*Id.*, ¶ 11)  Further, Plaintiff alleges Arias "executed a promissory note for $168,000.00 to Mortgage Electronic Registration Systems, [MERS] nominee for WMC Mortgage Corp, for which the Property was secured as collateral, per a Deed of Trust, dated 11/2/06, recorded 11/28/06, Kern County Document No. 0206291233." (*Id.*, ¶ 12)

According to Plaintiff, Arias is identified as the Borrower in the Deed of Trust, which contains the following provisions:

> Borrower shall occupy, establish and use the Property as Borrower's principal residence within 60 days after execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal address for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. [Deed of Trust ¶ 6]
> …
> Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge and consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence. [Deed of Trust ¶8]

(Doc. 8 at 13, ¶¶ 13-15)  Plaintiff asserts Arias did not disclose "his role as a straw man borrower for the Rosales Defendants and non-occupancy of the Property, contrary to the Note and Deed of Trust." (*Id.* at 4, ¶ 17)  Further, Plaintiff alleges that "Arias breached his obligations under the Note and Deed of Trust" through failing to disclose this role, and by "failing to make timely payments."  (*Id.*, ¶ 19)

Plaintiff alleges MERS "assigned the Notice and Deed of Trust to Liquidation Properties, Inc. n/k/a Citigroup Global Markets Realty Corp" on October 30, 2008, and the assignment was recorded on December 18, 2008.  (Doc. 8 at 4, ¶ 18)

Plaintiff asserts, "Arias executed a loan modification of the Note and Deed of Trust, with SN

Servicing, servicer for Citigroup" on February 18, 2010, with a retroactive effective date of January 12, 2010. (Doc. 8 at 4, ¶ 20) Plaintiff alleges that Arias represented himself as the borrower in the loan modification, and "certified, represented and agreed with SN that he lived in the Property as his principal address." (*Id.*, ¶¶ 20-21) According to Plaintiff, Arias also breached the loan modification through "failing to make timely payments, failed to disclose his straw-man execution of the Instruments for the Rosales Defendants and his non-occupancy of the Property." (*Id.*, ¶ 22)

Plaintiff alleges Citigroup sold the loan in June 2011 to Residential Fund 76, LLC, and "formally assigned the Notice, Deed of Trust and 2010 Modification" on October 11, 201. (Doc. 8 at 5, ¶¶ 24-25) Plaintiff asserts that Residual Fund 76, LLC then assigned the Note, Deed of Trust, and Modification to Landmark Financial Solutions ("LFS") on October 28, 2011. (*Id.*, ¶ 26)

Plaintiff alleges Arias executed a second loan modification on September 29, 2011, "stipulating that LFS was the holder of the loan, representing himself as the borrower, reducing the principal loan balance to $80,000.00, per his fulfillment of its conditions, including applying for [the Hardest-Hit Fund]." (Doc. 8 at 5, ¶ 27) However, Plaintiff asserts that Arias breached the 2011 modification agreement. (*Id.*, ¶ 30) According to Plaintiff, LFS assigned the Note, Deed of Trust and Modifications to Plaintiff on January 27, 2015. (Doc. 8 at 5, ¶ 31)

Based upon these facts, Plaintiff seeks the foreclosure of the Property, "a post-sale judgment/ writ of possession/ejectment" and enforcement of the Notice, Deed of Trust, and Loan Modification instruments "under which Arias is indebted to Plaintiff." (*See* Doc. 8 at 6-7) Julio Arias filed his answer to the amended complaint on May 4, 2015. (Doc. 12) Cecilio and Virginia Rosales Arias filed their answer con June 10, 2015. (Doc. 16)

On August 12, 2015, the Court issued a Scheduling Order setting the applicable deadlines for the action. (Doc. 37) The Court ordered the parties to file any requested pleading amendments "be filed, either through a stipulation or motion to amend, no later than **October 30, 2015**." (Doc. 37 at 2, emphasis in original) Plaintiffs filed the motion now pending before the Court, seeking leave to amend file a Second Amended Complaint, on October 31, 2015. (Doc. 43)

**II.    Scheduling Orders**

Districts courts must enter scheduling orders in actions to "limit the time to join other parties,

3

amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

### III.     Discussion and Analysis

As an initial matter, Plaintiff seeks leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. (*See* Doc. 43 at 2) However, the Scheduling Order directed the parties to file request to amend the pleadings "either through a stipulation or motion to amend, no later than **October 30, 2015**." (Doc. 37 at 2, emphasis in original) Because Plaintiff did not seek leave to

4

amend until October 31—after the expiration of the deadline—the motion is governed by the requirements of Rule 16. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) applies to a motion for leave to amend a complaint depends on whether a deadline set in a scheduling order has expired); *see also Sarkizi v. Graham Packaging Co.*, 2014 U.S. Dist. LEXIS 76275 at *4-6 (E.D. Cal. June 3, 2014) (evaluating a motion to amend a complaint under Rule 16 where the plaintiff missed the pleading amendment deadline by one day).

### A.   Plaintiff's Diligence

Plaintiff asserts that Landmark is seeking leave to amend "based upon facts it is developing in discovery, only opened three months ago, in which defense counsel refused to cooperate."[1]  (Doc. 47 at 6)  Plaintiff explains that it served discovery requests on August 29, 2015, to which Defendants served their responses on September 15, 2015.  (Doc. 43 at 2-3)  Plaintiff asserted the discovery responses were defective, and Defendants "served amended interrogatory answers and amended answers to the requests for production on 10/30/14 [sic]."  (*Id.*)  Therefore, Plaintiff concludes Landmark has been diligent in pursuing discovery, and the failure to comply with the pleading amendment deadline was caused by Defendants' failure to provide the supplemental discovery responses until October 30, 2015. (Doc. 43 at 3; Doc. 47 at 5)

On the other hand, if Plaintiff does not explain why, if it believed Landmark would be unable to comply with the deadlines imposed in the Court's Scheduling Order[2] given the discovery disputes, Plaintiff did not timely notify the Court and seek an extension of the applicable deadlines, rather than make the request for an extension of the deadlines *after* they expired.  *See Jackson* 186 F.R.D. at 608.

---

[1] The Court considers the pleadings in this case.  However, as to the "factual circumstances" argued in the motion that it claims arose during discovery, Plaintiff offers no declaration or other evidence to support these positions.  L.R. 230(b).  Thus, the Court disregards all assertions that are not supported by evidence but notes them here *only* to outline Plaintiff's arguments.

[2] In the Joint Scheduling Report filed on August 10, 2015, "Plaintiff propose[d] that the deadline to amend pleadings be set no later than two months after [the] commencement of discovery." (Doc. 34 at 7)  Defendants opposed additional time for Plaintiff to file amended pleadings, noting that "Plaintiff sought Defendants' consent for the filing of a Second Amended Complaint adding a cause of action for fraud which was rejected by Defendants…" (Doc. 34 at 7) Although the parties failed to appear at the Scheduling Conference, the Court granted Plaintiff's request for two months to make any amendments to the pleading by ordering the parties to complete initial disclosures no later than August 26, 2015, and file any pleading amendments no later than October 30, 2015.  (Doc. 37 at 2)

5

Notably, the scheduling order reads, "If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference." (Doc. 37 at 5-6) In addition, Local Rule 144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. **Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.**

(Emphasis added.)  Finally, this Court has determined that the failure to seek an extension as to any deadline in a scheduling order well before the date passes is a basis for denying the requested amendment.  In *Hardy v. County of El Dorado*, 2008 U.S. Dist. LEXIS 75925, 2008 WL 3876329 (E.D. Cal. Aug. 20, 2008), the Court held, "[R]equesting the Court to modify the Scheduling Order to extend the … cut-off date three days before the deadline does not constitute diligence."  Thus, it follows that Plaintiff's failure to seek leave to amend the Scheduling Order until after the expiration of the applicable deadline does not constitute diligence.  Because Plaintiff has failed to offer any admissible evidence of diligence or to demonstrate that Landmark acted diligently in seeking the amendment, Plaintiff has failed to demonstrate good cause exists to modify the scheduling order related to the pleading amendment deadline.

### B.     Leave to amend under Rule 15

Even assuming Plaintiff demonstrated it acted diligently in seeking to modify the case schedule, Plaintiff has failed to show amendment of the complaint should be allowed under Rule 15.  Granting or denying leave to amend a complaint under Rule 15 is vested in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

Leave to amend should not be granted where "amendment would cause prejudice to the

opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). Consequently, under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended the compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

### 1. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended her complaint. *Allen*, 911 F.2d at 373; *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 79 F.3d 1432, 1438 (9th Cir. 1986). Here, Plaintiff has amended the complaint previously. (Doc. 8) In that amendment, Plaintiff made substantive changes, by adding the Rosales Defendants and adding allegations regarding various Deeds of Trusts and loan agreements. (*Compare generally* Doc. 1 *with* Doc. 8) Thus, this factor weighs against amendment.

### 2. Undue delay

When evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388; *see also Eminence Capital*, 316 F.3d at 1052. The Court also should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387. By itself, undue delay may be insufficient to prevent the Court from granting leave to amend pleadings. *Howey*, 482 F.2d at 1191; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Plaintiff reports Landmark is seeking "leave to amend its existing claims to address the alleged 'equitable ownership interest' of the Rosales Defendants in the Property and to join an additional claim arising under these same facts, as to the same Defendants."[3] (Doc. 43 at 6) According to Plaintiff, the discovery responses served on October 30:

> confirmed for the first time that a) Defendant Arias acted as a straw-man purchase[r] of the Property and on the loan for the Rosales Defendants, as alleged in the First Amended Complaint, without complying with the requirements for doing so and b) the Rosales Defendants assert an unrecorded, 'equitable ownership interest' in the Property which they allegedly obtained from Arias in 2001 and pre-dates 2006 Note and Deed of Trust Plaintiff is enforcing in this case…

(Doc. 47 at 3) Significantly, however, Plaintiff fails to explain why it needed "confirmation" of these facts prior to seeking leave to file the proposed Second Amended Complaint. Indeed, as Plaintiff acknowledges, the First Amended Complaint includes allegations that Arias acted as a straw-man. (*See* Doc. 8 at 3, ¶ 10) Likewise, Plaintiff pleaded that the defendants were claiming "ownership or other interests in the real property" (Doc. 8 at 2, ¶ 6)— **an allegation the Rosales Defendants admitted in their Answer filed on June 10, 2015**. (Doc. 16 at 2, ¶ 6)

Moreover, a review of the proposed amended complaint reveals that Plaintiff seeks to make numerous changes not discussed in the motion, including allegations that the Court has subject matter jurisdiction over the complaint pursuant to 28 U.S.C. § 1331[4] (compared to the First Amended Complaint, which alleges only diversity jurisdiction); allegations related to Deeds of Trust executed in June 2001 by Defendant Arias, which were recorded as Kern County Document Nos. 201082360 and 201082361; allegations related to a Deed of Trust executed by Arias on July 29, 2015, which was recorded as Document No. 205200412; additional allegations and quotes from the Deed of Trust executed in November 2006; new facts regarding a loan forbearance agreement executed in November 2009 by Arias; further allegations concerning the loan modification agreement from 2010, and the

---

[3] The motion to amend indicates Plaintiff would be seeking leave to amend to add a claim of "fraudulent inducement of the loan by the Defendants… based upon the same facts as the FAC." (Doc. 43 at 7) However, the proposed Second Amended Complaint does not include this additional claim. In the reply brief, Plaintiff indicates that "counsel made a typographical error by referencing a fourth count for fraudulent inducement in the motion." (Doc. 47 at 4)

[4] Plaintiff relies upon the Garn St. Germain Act (12 U.S.C. 1701j-3) as the basis for federal question jurisdiction. However, nowhere does Plaintiff explain how this Act places any burdens or obligations on a borrower or how borrowers, such as Defendants here, fail to comply with the Act. Rather, the Act outlines the rights and responsibilities <u>of the lender</u> when there is a violation the due-on-sale clause.

representations made therein by Arias.  (*See* Doc. 43-1 at ¶¶ 3, 12-14, 19-20, 25-29, 32, 34-37)

Plaintiff fails to explain why these factual allegations were not included in the prior pleading given the fact that Plaintiff possessed the Deeds of Trust when it filed the First Amended Complaint.  Indeed, the First Amended Complaint quotes the Deed of Trust dated November 2, 2006 and cites to paragraphs 6 and 8 of the document.  (Doc. 8 at 3, ¶¶ 14-15)  Plaintiff now seeks to add allegations concerning paragraphs 12 and 16 of the Deed of Trust.  (Doc. 43-1 at 4, ¶¶19-20)  Similarly, though Plaintiff previously possessed a loan modification agreement dated February 18, 2010, and quoted it in the First Amended Complaint, Plaintiff now seeks to add factual allegations regarding further representations made by Arias as to terms of that agreement.  (*Compare* Doc. 8 at 4, ¶¶ 20-21 *with* Doc. 43-1 at 5-6 ¶¶ 30-37)  Plaintiff fails to identify *any* specific allegations learned during the course of discovery that Landmark now seeks to include in its Second Amended Complaint.

Because Plaintiff "knew or should have known" the facts when the First Amended Complaint was filed, Plaintiff has unduly delayed by waiting more than six months to seek leave to amend the pleading.  *See Jackson*, 902 F.2d at 1388.  Thus, this factor weighs against granting Plaintiff's motion.

### 3. Bad faith

There is no evidence that Plaintiff has acted in bad faith in seeking to file a second amended complaint.  Thus, this factor does not weigh against an amendment.

### 4. Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).  To determine whether the proposed amendment is futile, the Court should evaluate whether the facts alleged would be sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See Townsend v. University of Alaska*, 543 F.3d 478, 486 n.6 (9th Cir. 2008) (noting that the "basis for futility is more accurately characterized as a failure to state a claim for relief").  Further, leave to amend may be denied when the proposed amendments are "redundant."  *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. U.S.*, 90 F.3d 351, 355-56 (9th Cir. 1996)

Here, the proposed amendments are redundant, in that they do not *add* to Plaintiff's claims.  Rather, most of the allegations simply state further support for the claims that are already stated.

Notably, Defendant have not claimed that Plaintiff has pleading insufficient facts to support the claims. Thus, there is no dispute that the First Amended Complaint provided sufficient notice—according to Fed. R. Civ. P. 8[5]—of Plaintiff's claims that Defendant Arias acted as a straw man buyer and violated the terms of several Deeds of Trusts and Loan Modification Agreements. Moreover, many of the proposed "factual allegations" are, in fact, legal conclusions that do not support Plaintiff's claims for relief.[6] *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (in reviewing a complaint, the Court must assume factual allegations are true, but legal conclusions are not entitled to the same assumption.) These legal conclusions add nothing to the pleading and add nothing to Plaintiff's claims. Accordingly, the Court finds this factor weighs against granting Plaintiff leave to file a Second Amended Complaint.

### 5. Prejudice to the opposing party

Generally, the most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Under Rule 15(a), there is a presumption in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052.

Here, Defendants assert that the granting of leave to amend would "dramatically increase the cost of litigation to the defendants." (Doc. 46 at 6) However, Defendants' assertion seems to be based upon the confusion over whether Plaintiff was seeking to "allege fraud and the right to recover punitive damages." (*See id.*) As explained above, Plaintiff elected to not add the claim in the proposed complaint, and does not seek punitive damages. Consequently, Defendants do not show they would be prejudiced by the proposed amendment, and this factor does not weigh against granting leave.

**IV.    Conclusion and Order**

---

[5] Of course, Rule 8 requires only notice pleading, though a plaintiff bears the obligation of pleading facts, rather than mere conclusions.

[6] See footnote 3.

|   |   |
|---|---|
| 1 | Plaintiff fails to demonstrate diligence and good cause for modification of the Scheduling Order |

Plaintiff fails to demonstrate diligence and good cause for modification of the Scheduling Order to file an amended complaint. Further, Plaintiff fails to show the proposed amendment should be allowed under Rule 15Accordingly, the Court exercises its discretion to deny Plaintiff' s request to amend the schedule for the purpose of filing a Second Amended Complaint.  *See Swanson*, 87 at 343.

Based upon the foregoing, **IT IS HEREBY ORDERED**:  Plaintiff's motion for leave to file an amended complaint and modify the Court's Scheduling Order is **DENIED.**

IT IS SO ORDERED.

Dated:     **November 24, 2015**           /s/ Jennifer L. Thurston
                                                                     UNITED STATES MAGISTRATE JUDGE