UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK EQUITY FUND II, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JULIO ARIAS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00202 - JLT<br><br>ORDER AFTER INFORMAL TELEPHONIC CONFERENCE<br><br>(Doc. 53) |

　　　　At the request of counsel, on January 14, 2016, the Court held a telephonic conference regarding a dispute over written discovery responses provided by Defendants. (Doc. 53) At the conference, Defendants' counsel agreed Defendants would provide supplemental responses to Interrogatories 2, 6, 9-12 and 14.[1] In addition to that discussed in more detail during the telephonic conference, in particular, counsel for the parties agreed:

　　　　1.　　As to Interrogatory 2, Defendants will supplement their responses to explain that Cecilio Rosales is the uncle of Juilo Arias;

　　　　2.　　As to Interrogatory 6, Defendants will supplement their responses to identify the person to whom they believe they disclosed the oral agreement related to the real property (assuming they

---

[1] The Court finds that Interrogatory 13 impermissibly seeks to required Defendants to make their expert disclosure earlier that ordered by the Court. Thus, Defendants *may* but are not required to respond to Interrogatory 13. Rather, their obligations, as well as the Plaintiff's obligations, related to disclosure of experts is set forth in the scheduling order. (Doc. 37 at 2)

could locate the person's business card and, if not, to provide their best recollection about this person). They will also *all* terms[2] of the oral agreement related to the real property and will clarify when they entered into the oral agreement;

   3. As to Interrogatory 9, Defendants will supplement their responses to clarify that they have no documents related to their oral agreement as to the real property and affirm that the agreement was oral only;

   4. As to Interrogatory 10, Defendants will supplement their responses to set forth the factual bases for the defenses they may assert at trial. They may note that their responses in no way waives any error they believe may have occurred related to the Court striking some of their defenses but must address the factual bases for any defenses still at issue;

   5. As to Interrogatory 11, Defendants will supplement their responses, consistent with their responses to Interrogatory 6, as to any communication with any third party about the oral agreement related to the real property;

   6. As to Interrogatory 14, Defendants will supplement their responses to indicate they have no insurance that will satisfy all or part of a judgment in this action.

## ORDER

Consistent with the discussion at the informal telephonic conference and the further detail recited here, the Court **ORDERS**:

   1. Defendants **SHALL** make their absolute, best efforts to provide the verified supplemental responses as soon as possible via e-mail. At the absolute latest, Defendants **SHALL** e-mail to opposing counsel their verified supplemental responses by noon on January 20, 2016.

IT IS SO ORDERED.

  Dated: **January 14, 2016**     /s/ Jennifer L. Thurston
                    UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants' will clarify whether they had any agreement between the Defendants as to whether the Rosales Defendants would obtain an equitable interest in the property.