1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   LANDMARK EQUITY FUND II, LLC,        )   Case No.: 1:15-cv-00202 - JLT
                                          )
12                    Plaintiff,          )   ORDER DENYING REQUEST FOR INFORMAL
                                          )   TELEPHONIC CONFERENCE
13          v.                            )
                                          )
14   JULIO ARIAS, et al.,                 )
                                          )
15                    Defendants.         )
     _____  )
16

17          Plaintiff's counsel has requested the Court conduct another informal telephonic conference

18   regarding a dispute over a deposition notice issued by plaintiffs to the person most knowledgeable at

19   FCI Lender Services.  Counsel complains that defendants' attorney failed to clear the date with him

20   and unilaterally scheduled it.  Plaintiff's counsel complains also that opposing counsel issued

21   subpoenas for records and did not first confer with him about "these matters, including scheduling

22   them."

23          As to the FCI deposition, though unilaterally scheduling depositions lacks courtesy, there is no

24   requirement that the attorney setting a deposition coordinate the date with opposing counsel.[1]  If

25   plaintiff has a legal basis to object to the setting of the deposition, it may lodge the objection and

26   immediately seek a protective order.  However, merely because the opposing attorney "unilaterally"

27   _____

28   [1] Despite counsel's characterization of the prior informal telephonic conference, from the Court's perspective, that
     conference was in no way intended to address the issue of unilaterally scheduling depositions.

                                              1

scheduled the deposition does not justify such a motion.  On the other hand, the Court is dismayed but what appears to be unwillingness by both counsel to work together to move this case to conclusion. The Court **strongly admonishes them to stop this conduct** and for them to commit to working cooperatively going forward.  Toward this end, if counsel agree, the Court will entertain a stipulation to allow the FCI deposition to occur during the same time period as those set in April, despite the March 15, 2016 discovery deadline.

As to the subpoenas for records, the Court is at a loss to understanding what conference plaintiff's counsel believes was required and does not grasp the need to coordinate the document production date with counsel's calendar.  Defendants are fully entitled to seek records and are required to list a date by which the custodian must produce the records to the copy service.  Attorneys will not appear on that date. Thus, it is not clear to the Court exactly what is Plaintiff's concern.  What is clear to the Court is that Mr. Wersant has not discussed the matter with opposing counsel.  Before seeking any conference with the Court, the attorneys are **required** to meet and confer and **only if** they cannot resolve their differences after attempting in good faith to do so, may they seek the Court's intervention.

The Court is available to discuss legitimate discovery disputes that are supported by legal authority.  It has absolutely no time to address disputes that are not.  Thus, the request for an informal telephonic conference to discuss the matter of the FCI deposition or the records subpoenas is **DENIED**.


IT IS SO ORDERED.

Dated:   **March 2, 2016**                                **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE